Dale C. Campbell, State Bar No. 99173
Zachary J. Wadlé, State Bar No. 231404
WEINTRAUB GENSHLEA CHEDIAK
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiff
MV Transportation, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MV TRANSPORTATION, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERITRAN SERVICE CORPORATION, a Florida corporation, dba TRANSIT RESOURCE CENTER; TRANSIT RESOURCE CENTER OF NEVADA, INC., a Nevada corporation; and BLUEGO TRANSIT MANAGEMENT, INC., a Nevada corporation,<br><br>Defendants. | Case No. 2:10-cv-03078-JAM-EFB<br><br>ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO TRANSFER VENUE<br><br>Date: February 23, 2011<br>Time: 9:30 a.m.<br>Dept: Courtroom 6 |

The motion of plaintiff MV TRANSPORTATION, INC. ("Plaintiff") requesting remand of Plaintiff's complaint to the Superior Court of California in and for the County of Solano, and the related motion of defendants AMERITRAN SERVICE CORPORATION dba TRANSIT RESOURCE CENTER, TRANSIT RESOURCE CENTER OF NEVADA, INC., and BLUEGO TRANSIT MANAGEMENT, INC. (collectively, "Defendants") to transfer venue of Plaintiff's complaint to the United States Bankruptcy Court for the District of Nevada both having been duly noticed and served on all interested parties, came on regularly for hearing before this Court, the Honorable John A. Mendez, presiding, at 9:30 a.m., on February 23, 2011.

PDF created with pdfFactory trial version www.pdffactory.com

1  Zachary J. Wadlé appeared on behalf of Plaintiff.  Cecilia Lee appeared on
2  behalf of Defendants.
3  All arguments, papers, and evidence considered and good cause
4  appearing, Plaintiff's Motion to Remand is hereby GRANTED for all of the reasons
5  stated by the Court on the record at the hearing, including the Court's specific
6  findings that:  (1) Plaintiff's complaint against Defendants is based upon state law
7  and does not in any way involve federal law; (2) there is no "related-to"
8  bankruptcy court jurisdiction over Plaintiff's complaint under 28 U.S.C. § 1334(b) in
9  connection with the bankruptcy of third-party debtor South Tahoe Area Transit
10 Authority ("STATA") filed in the District of Nevada (Case No. BK-N-10-53666-GWZ);
11 (3) Defendants' claims of indemnity rights against third-party debtor STATA arising
12 out of Plaintiff's complaint allegations are speculative, contingent, and uncertain,
13 and do not create "related to" jurisdiction under 28 U.S.C. § 1334(b);
14 4) defendant Ameritran Service Corporation does not have any right to
15 contractual indemnification from third-party debtor STATA; and (5) even if
16 Defendants could demonstrate a prima facie case of "related to" bankruptcy
17 court jurisdiction over Plaintiff's complaint, equitable remand under 28 U.S.C. §
18 1452(b) is appropriate given the facts and circumstances of this case.  Plaintiff's
19 complaint is hereby remanded to the Superior Court of California, in and for the
20 County of Solano, for all further proceedings.
21 Plaintiff's accompanying request for an award of attorneys' fees and costs
22 pursuant to 28 U.S.C. § 1447(c) is hereby DENIED.
23 In light of the Court's decision on Plaintiff's Motion to Remand, Defendants'
24 Motion to Transfer Venue to the United States Bankruptcy Court for the District of
25 Nevada is hereby DENIED as moot.
26 IT IS SO ORDERED.
27 Dated: 2/28/2011                          /s/ John A. Mendez_____
                                             Honorable John A. Mendez
28

PDF created with pdfFactory trial version www.pdffactory.com